# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

EMAN ALJAROUSHA,

    Plaintiff,

v.  No._____

BARCLAY'S BANK,

    Defendant.

## NOTICE OF REMOVAL

Defendant Barclays Bank Delaware, erroneously identified as Barclays Bank ("Barclays"), by counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action known as *Eman Aljarousha v. Barclays Bank*, Case No. 1845261, from the General Sessions Court of Shelby County, Tennessee (the "State Court"), to the United States District Court for the Western District of Tennessee, and in support thereof states as follows.

1. On or about February 1, 2017, Plaintiff Eman Aljarousha ("Aljarousha") filed a Civil Warrant (the "Warrant") against Barclays in the State Court. A true and correct copy of the Warrant is attached hereto as **Exhibit 1**.

2. On February 14, 2017, Barclays' registered agent received a copy of the Warrant.

3. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions or papers other than the Warrant, have been filed with the State Court in this action.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Barclays has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I.    Barclays Has Satisfied The Procedural Requirements For Removal.**

5. Barclays' registered agent received the Warrant on February 14, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Barclays is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

6. This Court is the proper division because it embraces Shelby County, Tennessee, where Aljarousha's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a). Venue is proper in this Court pursuant to 28 U.S.C. § 123(c)(2).

7. No previous request has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Aljarousha, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit 2**.

**II.   Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

9. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

10. Removal of such cases is governed by 28 U.S.C. § 1441(a). Section 1441(a) makes clear that a case brought in state court, raising a federal question, "may be removed by the

defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

11. Here, Aljarousha's Warrant purports to assert a claim against Barclays for alleged violations of the "Fair Credit Billing Act," ("FCBA"), 15 U.S.C. § 1601 *et. seq*. *See* Warrant at 1.

12. Aljarousha's Warrant alleges violations of a federal statute—the FCBA—and consequently "arises under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over these claims.

13. Aljarousha also purports to bring suit against Barclays for "breach of contract." See Civil Warrant. The Court may exercise supplemental jurisdiction over this claim because it is "so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy . . . ." 28 U.S.C.§ 1367(a).

14. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Barclays Bank Delaware, by counsel, respectfully notices the removal of the above-referenced action, originally filed in the General District Court for Shelby County, Tennessee, to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

*s/Emily Hamm Huseth*
Kannon C. Conway, No. 23569
Emily Hamm Huseth, No. 29192
Harris Shelton Hanover Walsh, PLLC
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
kconway@harrisshelton.com
ehuseth@harrisshelton.com
Tel: (901) 525-1455
Fax: (901) 526-4084

*Counsel for Barclays Bank Delaware*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record in this matter registered with the Court's CM/ECF system, and served by U.S. Mail on:

Kevin A. Snider
SNIDER & HORNER, PLLC
Corporate Gardens, 9056 Stone Walk Place
Germantown, TN 38138
*Counsel for Plaintiff*

*s/Emily Hamm Huseth*
Kannon C. Conway
Emily Hamm Huseth

*Counsel for Barclays Bank Delaware*